# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANNY TRAVIS, #158592,**

    Petitioner,

                                 Civil No: 06-CV-13566
                                 Honorable Gerald E. Rosen
                                 Magistrate Judge Donald A. Scheer

**v.**

**THOMAS BELL,**

    Respondent.

_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. §2244(b)(3)(A) AND DENYING PENDING MOTIONS AS MOOT

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner is a state prisoner confined at Ryan Correctional Facility in Detroit, Michigan. Petitioner was convicted on July 14, 1979 of first-degree felony murder, Mich. Comp. Laws, §750.316(1)(b). He was sentenced on July 27, 1979 to life imprisonment. Petitioner is challenging the constitutionality of his conviction. For the reasons stated below, the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

### I. BACKGROUND

Petitioner filed a habeas corpus petition in this district challenging his July 27, 1979 conviction, and his request for habeas relief was denied. See *Travis v. Foltz,* No. 83-CV-70588 (E.D. Mich. Jan. 30, 1985). Petitioner sought an appeal with The United States Court of Appeals for the Sixth Circuit, and the district court's judgment was affirmed on October 9, 1985. *Travis v. Foltz,* 779 F.2d 53 (6th Cir. 1985) (unpublished). On June 30, 2004, Petitioner returned to state

court where he filed a motion for a new trial and for an evidentiary hearing. The trial court denied both motions on November 23, 2004. Petitioner then filed a motion for reconsideration which was denied on December 22, 2004. He subsequently filed a delayed application for leave to appeal and a motion for remand with the Michigan Court of Appeals, and relief was denied on December 6, 2005. *People v. Travis,* No: 262235 (Mich. Ct. App. Dec. 6, 2005). Petitioner filed an application for leave to appeal and another motion for remand with the Michigan Supreme Court where relief was denied on April 28, 2006. *People v. Travis,* 474 Mich. 1126; 712 N.W.2d 474 (2006) (Table). On August 8, 2006, Petitioner signed and dated the pending habeas petition. The actual petition was filed with the Court on August 9, 2006.

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit Court must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts challenging the same conviction as that which is presently being challenged in this court. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, see *Harris v. Stovall,* 22 F.Supp.2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Even if, Petitioner had not filed the pending motion to transfer this case to the Sixth Circuit Court of Appeals, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See *Williams v. Stegall,* 945 F.Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive petition, it would be error for this court to dismiss the petition as being time barred[1], rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

---

[1] One of the pending motions in this case is Respondent's request for summary judgment based upon statute of limitations grounds.

Accordingly,

IT IS ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and *In re Sims,* 111 F. 3d at 47.

IT IS FURTHER ORDERED that Respondent's "Motion for Summary Judgment" [dkt. #12] is **DENIED as MOOT.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Compel Production of Sealed (Withheld) Court Records" [dkt. #14] is **DENIED as MOOT.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Transfer of Writ to the Six[th] Circuit Court of Appeals" [dkt. #18] is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Correction[2]" [dkt. #19] is **GRANTED.**

s/Gerald E. Rosen
United States District Judge

Dated: August 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[2]This motion requested that Petitioner be able to clarify some information about his initial 1983 habeas petition and his subsequent appeal in 1985 to the Sixth Circuit Court of Appeals.